[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12288
Non-Argument Calendar

_____

D. C. Docket No. 05-14228-CV-KAM

AFAMEFUNA P. ANYAKORA, JR.,

Plaintiff–Appellant,

versus

SALLIE MAE CORPORATION,
UNITED STUDENT AID FUNDS, INC.,
UNITED STATES DEPARTMENT OF EDUCATION,
PIONEER CREDIT RECOVERY, INC., et al.,
DANNY BREWER,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 21, 2007)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Afamefuna Anyakora, proceeding pro se, appeals the district court's dismissal of his complaint, brought pursuant to the Federal Family Education Loan Program of the Higher Education Act ("HEA"), 20 U.S.C. § 1071 et seq., as well as various other causes of action, including fraud, conspiracy, "white-collar crime," forgery, "abuse and lack of due diligent exercise of police power," intimidation, harassment, false reporting, and violations of his Fourteenth Amendment rights. He asserted that five defendants—Sallie Mae, Inc., Pioneer Credit Recovery, Inc., United Student Aid Funds, Inc., and Danny Brewer, as "owner/official" of Pioneer, as well as the United States Department of Education ("DOE")—falsely reported to the National Student Loan Data System that he had taken out educational loans in 1990 or 1991 and defaulted on them. Anyakora argued that he had not taken out any loans prior to 2004.

The district court dismissed Anyakora's HEA claims under Fed.R.Civ.P. 12(b)(6) for failure to state a claim because that the HEA statute does not provide for a private cause of action, either express or implied. It then dismissed his "peripheral" theories of "fraud, racketeering, discrimination, negligence, denial of due process, § 1983, etc.," based on its conclusion that these were simply HEA violations pled in other terms, and therefore precluded under McCulloch v. PNC

2

<u>Bank Inc.</u>, 298 F.3d 1217, 1220 (11th Cir. 2002). It also concluded that the various other claims that Anyakora asserted should be dismissed without prejudice because they were too poorly pled to confer subject matter jurisdiction or to state a claim upon which relief could be granted. The court then dismissed the claims against Brewer for lack of personal jurisdiction.[1] Finally, the court dismissed the claims against the DOE for lack of jurisdiction under Rule 12(b)(1) because the DOE had not consented to a suit or waived its sovereign immunity.

Upon review of the record and parties' briefs, we find no error.[2]

**AFFIRMED.**

---

[1] Anyakora fails to challenge on appeal the district court's finding that it lacked personal jurisdiction over Brewer until his reply brief. Accordingly, Anyakora has abandoned any challenge to this finding. <u>See</u> <u>Williams v. Obstfeld</u>, 314 F.3d 1270, 1278–79 (11th Cir. 2002) (holding that arguments not raised in an appellant's initial brief are considered abandoned).

[2] As for the other arguments Anyakora raises on appeal, we find that they lack merit and warrant no further discussion.